UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
MICHAEL CURRY,                                                     :
                                  Plaintiff,     :
                                                  :    MEMORANDUM DECISION
              - against -                                  :         AND ORDER
                                                    :    08-CV-10228 (GBD)
AMERICAN STANDARD, INC., ET AL.,                                   :
                                Defendants.    :
------------------------------------------------------------------ x

GEORGE B. DANIELS, UNITED STATES DISTRICT JUDGE:

       Plaintiff filed this action in the Supreme Court of the State of New York.  Defendant Foster Wheeler subsequently removed the case on the basis of a federal officer defense asserted under 28 U.S.C. § 1442(a)(1) (2006).  Plaintiff moves to remand this proceeding back to New York State court.  Plaintiff's motion is denied.

       On October 8, 2008 plaintiff commenced this action against defendant Foster Wheeler and approximately twenty other defendants, alleging that plaintiff was exposed to asbestos-containing products while he served in the United States Navy.  Plaintiff maintains that he developed asbestos-related mesothelioma and that his illness was caused by exposure to marine steam generators on the U.S.S. Kitty Hawk from 1963-1965.  Plaintiff maintains that "[h]e was exposed to asbestos while he worked on asbestos-containing Foster Wheeler boilers."  Pl. Memo. at 1.  Plaintiff's only asserted claim against Foster Wheeler is for defendant's alleged failure to warn him about asbestos hazards.

       Defendant Foster Wheeler received service of the complaint on or about October 31, 2008 and filed a timely notice of removal on November 24, 2008.  Foster Wheeler based its removal on the asserted federal defense that, during the time period relevant to plaintiff's claims, it acted under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1).[1]

       Under the federal officer removal statute, a civil action commenced in a state court against "The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity

---

[1] Defendant also filed a petition pursuant to 28 U.S.C. § 1407 to transfer this matter to the multidistrict litigation proceeding entitled In re: Asbestos Products Liability currently pending in the U.S. District Court for the Eastern District of Pennsylvania.  The Judicial Panel on Multidistrict Litigation issued a Conditional Transfer Order on January 9, 2009.

for any act under color of such office" may be removed by that defendant to the appropriate district court. 28 U.S.C. 1442(a)(1); <u>see</u> also <u>Willingham v. Morgan</u>, 395 U.S. 402, 406, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969) ("[T]he right of removal ... is made absolute whenever a suit in a state court is for any act 'under color' of federal office"). Removal under the federal officer removal statute "must be predicated upon averment of a federal defense." <u>Mesa v. California</u>, 489 U.S. 121, 109, 103 L.Ed.2d 99 (1989).

In order for a defendant to qualify for removal under 28 U.S.C. § 1442(a)(1), it must establish by a preponderance of the evidence that: 1) it is a "person" who assisted, helped or carried out duties and tasks of a federal superior, thus "acting under" a federal agent; 2) plaintiff's claims relate directly to acts defendant committed under color of federal authority; and 3) defendant has a colorable federal defense to such claims. See <u>Isaacson v. Dow Chemical Co.</u>, 517 F.3d 129 (2d Cir. 2008); <u>United. Food & Comm. Workers Union, Local 919, AFL-CIO v. Centermark Prop. Meriden Sq., Inc.</u>, 30 F.3d 298, 305 (2d Cir. 1994) ("party asserting jurisdiction must support [challenged jurisdictional] facts with competent proof and justify its allegations by a preponderance of the evidence"). The federal officer removal statute should be construed broadly. See <u>Arizona v. Manypenny</u>, 451 U.S. 232, 242, 101 S.Ct. 1657, 1664, 68 L.Ed.2d 58 (1981). Accordingly, the defendant need not present "a clearly sustainable defense" in order to invoke the removal statute. <u>Willingham</u>, 395 U.S. at 407, 89 S.Ct. at 1816. Rather, removal will be proper if the relationship between the federal officer defendant and the plaintiff giving rise to the claims "derived solely from [defendant's] official duties." <u>Id.</u> at 409, 89 S.Ct. at 1817.

Defendant argues that the "government contractor defense" articulated by the Supreme Court in <u>Boyle v. United Technologies Corporation</u>, 487 U.S. 500, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988) shields it from liability for plaintiff's injury. It presents evidence sufficient to demonstrate at this stage of the litigation, that it acted as an agent of the United States Navy for the purpose of producing and delivering naval equipment. Defendant "supplied boilers and auxiliary equipment for use on Navy ships pursuant to contracts and specifications executed by the Navy." <u>See</u> Notice of Removal at ¶ 6. Although defendant has not proven that it will prevail on its federal defense, it has proffered sufficient evidence of government control over the contract specifications, manuals, and warnings to demonstrate that it has a colorable defense.

To provide an evidentiary basis for its "government contractor defense", Foster Wheeler attached to its Notice of Removal, *inter alia*, affidavits indicating that the United States Navy maintained strict control over the products manufactured by its contractors, including Foster Wheeler. The Inspectors of Naval Machinery exercised complete control over the equipment supplied by its contractors and "retained the 'final say' over the design of any piece of equipment." Lehman Affidavit at ¶¶ 4-5. Navy personnel "exercised specific direction and control over" the contents of manuals and written documentation supplied by Foster Wheeler in connection with the boilers it created. Schroppe Affidavit at ¶ 21. "These manuals included safety information related to the operation of naval boilers only to the extent directed by the Navy." <u>Id.</u>

Plaintiff does not dispute that Foster Wheeler acted under color of federal authority or that plaintiff's claims relate only to marine equipment defendant produced at the United States Navy's request. Rather, plaintiff argues that defendant's removal of this action is improper

because "the Navy never prohibited warnings with regard to hazardous materials such as asbestos."  Plaintiff's Memo. at 3-4 (emphasis in original).  Plaintiff further discounts defendant's affidavits for failing to cite "any military specifications that would call for the removal of asbestos warnings from technical manuals submitted by equipment manufacturers" or any "specific instance in which a manufacturer was ever required to remove any safety warning."  Id. at 5 (emphasis in original).  Plaintiff maintains that defendant fails to satisfy the third prong of the Isaacson test because defendant has not proven unequivocally that the  "government contractor defense" shields it from liability since it has not clearly demonstrated that it was prohibited from issuing its own warnings.

       The Supreme Court has rejected plaintiff's contention that removal under 28 U.S.C. § 1442(a)(1) is only proper "when the officers ha[ve] a clearly sustainable defense."  Willingham, 395 U.S. at 407, 89 S.Ct. at 1816.  On the contrary, defendant must only raise a "colorable

federal defense." Isaacson, 517 F.3d at 135. In this action, defendant has demonstrated that it has sufficient facts to assert the "government contractor defense" elucidated in Boyle in an attempt to shield it from liability. The Second Circuit has made clear that the "government contractor defense" may be asserted against duty to warn claims such as those raised by plaintiff here. See In re Joint Eastern and Southern District N.Y. Asbestos Lit., 897 F.2d 626, 629 (2d Cir. 1990) ("we follow the other federal courts which already have held that Boyle may apply to a state law failure-to-warn claim"). This Court has jurisdiction over this matter since defendant has articulated a colorable federal defense sufficient to satisfy all three prongs of the Isaacson analysis.

Plaintiff's motion to remand this action to the Supreme Court of the State of New York is DENIED.

Dated: New York, New York
February 6, 2009

SO ORDERED:

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge